IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Mary Spates as parent and natural guardian for C.M. | ) ) ) | Case No. 4:21-cv-03634-JD |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | |
| Horry County School District, | ) ) | ORDER AND OPINION ON DEFENDANT'S MOTION IN LIMINE |
| Defendant. | ) ) ) | |
| Mary Spates as parent and natural guardian for C.M. | ) ) ) ) | Case No. 4:22-cv-02169-JD |
| Plaintiff | ) ) ) | |
| vs. | ) ) ) | |
| Horry County School District | ) ) ) | |
| Defendant. | ) ) ) | |

This consolidated civil rights action is before the Court on Defendant Horry County School District's Motion in Limine (DE 22) seeking to exclude or limit the testimony of Plaintiff's treating mental health providers, Jessica Greene, LPC, and Jameion Fowler, MSW, LISW-CP, as well as a written report authored by Mr. Fowler. Plaintiff opposes the motion (DE 37), and Defendant has filed a reply (DE 38). The parties' submissions raise issues under the Federal Rules of Civil Procedure and the Federal Rules of Evidence concerning whether treating providers may testify as hybrid fact/expert witnesses, the permissible scope of testimony regarding diagnosis

1

and causation, and the effect of Plaintiff's failure to disclose expert witnesses under Rule 26(a)(2).

For the reasons below, the Court grants in part and denies in part Defendant's motion.

## I. BACKGROUND

For ease of reference, the Court refers to Case No. 4:21-cv-03634-JD as *Spates I* and Case No. 4:22-cv-02169-JD as *Spates II*.[1] Both cases were brought by Plaintiff Mary Spates ("Plaintiff") as parent and natural guardian of her minor son, C.M., against Defendant Horry County School District ("Defendant" or "School District"), alleging violations of C.M.'s Fourteenth Amendment due process rights.

### A.     Factual Background

#### 1.     *Spates I.*

*Spates I* arises from a February 13, 2020, incident at Ten Oaks Middle School. C.M. was accused of licking his lips at a female classmate during class and received a one-day in-school suspension. Plaintiff contends she sought to challenge this discipline but was denied access to an appeal hearing, evidence, and witness information necessary to defend against the charge. Plaintiff alleges these actions violated C.M.'s substantive and procedural due process rights.

#### 2.     *Spates II.*

*Spates II* concerns disciplinary proceedings in October and November 2019. C.M. was accused of multiple Level Two violations, including physical contact and a

---

[1]     The Court consolidated the cases for trial by order entered March 31, 2025. (DE 19.)

bus violation. Following a November 25, 2019, hearing, the School District imposed probation for the remainder of the semester. Plaintiff alleges she tried to appeal but was told no appeal was available. She further claims the School District denied due process by refusing an appeal, failing to identify witnesses, withholding and tampering with evidence, and relying on hearsay in reaching its decision.

B.   **Procedural Background**

   1.   *Spates I.*

*Spates I* (No. 4:21-cv-03634-JD) was filed in the Horry County Court of Common Pleas in October 2021 and removed to this Court in November 2021 based on federal question jurisdiction, as the complaint alleged violations of C.M.'s rights under the Fourteenth Amendment enforceable through 42 U.S.C. § 1983 (DE 1, *Spates I*). The Court entered a Scheduling Order on January 6, 2022 (DE 4, *Spates I*), which required Plaintiff to identify any expert witnesses by July 7, 2022, Defendant's designations by August 8, 2022, and completion of discovery by September 6, 2022. Plaintiff served interrogatory responses confirming that no expert witnesses would be presented (DE 38-2, *Spates I*).

   2.   *Spates II.*

*Spates II* (No. 4:22-cv-02169-JD) was filed in state court in November 2021, amended after Plaintiff retained counsel, and removed on July 7, 2022, likewise under federal question jurisdiction (DE 1, *Spates II*). The Court's initial Scheduling Order (DE 4, *Spates II*, entered July 8, 2022) required Plaintiff to designate experts by October 3, 2022, and Defendant by November 2, 2022. The schedule was extended

several times, culminating in the Fourth Amended Scheduling Order entered March 6, 2024 (DE 16, *Spates II*), which extended discovery through April 29, 2024, and the motions deadline to May 29, 2024. Plaintiff did not identify any expert witnesses by the deadlines. Only in supplemental discovery responses served on April 29, 2024, the final day of discovery, did Plaintiff first identify treating providers Jessica Greene, LPC, and Jameion Fowler, MSW, LISW-CP, and disclose an intent to rely on Mr. Fowler's December 16, 2023 report diagnosing C.M. with Major Depressive Disorder and PTSD (DE 22-1, *Spates I*).

### 3. Consolidation.

On March 31, 2025, the Court consolidated *Spates I* and *Spates II* for trial (DE 19, *Spates I*). Defendant then filed the present motion in limine (DE 22, *Spates I*), Plaintiff opposed (DE 37, *Spates I*), and Defendant replied (DE 38, *Spates I*). The consolidated case is scheduled for jury selection during the October 2025 term (DE 39, *Spates I*).

## II. LEGAL STANDARD

### A. Motions in Limine

"Questions of trial management are quintessentially the province of the district courts." *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006). "The purpose of a motion in limine is to allow a court to rule on *evidentiary* issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *United States v. Verges*, No. 1:13-cr-222-JCC, 2014 U.S. Dist. LEXIS 17969, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014) (emphasis added). When ruling on a motion in limine, a federal district court

4

exercises "wide discretion." *United States v. Aramony*, 88 F.3d 1369, 1377 (4th Cir. 1996) (quoting *United States v. Heyward*, 729 F.2d 297, 301 n. 2 (4th Cir. 1984)).

However, a motion in limine "should be granted only when the evidence is clearly inadmissible *on all potential grounds.*" *Verges*, 2014 U.S. Dist. LEXIS 17969, 2014 WL 559573, at *3; *see also Fulton v. Nisbet*, C/A No. 2:15-4355-RMG, 2018 U.S. Dist. LEXIS 13342, 2018 WL 565265, at *1 (D.S.C. Jan. 25, 2018) (emphasis added). Courts routinely deny motions in limine that seek to exclude broad categories of evidence or that lack specificity. *United States ex rel. Lutz v. BlueWave Healthcare Consultants, Inc.*, No. 9:11-CV-1593-RMG, 2017 WL 11621327, at *1 (D.S.C. Nov. 16, 2017).

**B.     Expert Disclosures**

Under Rule 26(a) of the Federal Rules of Civil Procedure, a party must disclose any expert witness it may use at trial. *See* Rule 26(a)(2)(A) Fed. R. Civ. P. These disclosures must be made "at the times and in the sequence that the court orders." Rule 26(a)(2)(D) Fed. R. Civ. P.

Rule 37 provides that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 37(c)(1) Fed. R. Civ. P. In determining whether a failure is substantially justified or harmless, the Court is guided by the following factors:

1.  The surprise to the party against whom the evidence would be offered;

5

2. The ability of that party to cure the surprise;

3. The extent to which allowing the evidence would disrupt the trial;

4. The importance of the evidence; and

5. The non-disclosing party's explanation for its failure to disclose the evidence.

*See S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). The burden of establishing these factors lies with the non-disclosing party. *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014).

### III. DISCUSSION

The School District moves to exclude the testimony of Plaintiff's treating providers, Jessica Greene, LPC, and Jameion Fowler, MSW, LISW-CP, as well as Mr. Fowler's December 2023 written report. Defendant argues Plaintiff failed to designate these witnesses as experts under Rule 26(a)(2), failed to provide the required disclosures under the Court's scheduling orders, and now seeks to introduce opinions on diagnosis and causation that qualify as expert testimony under Federal Rules of Evidence 702–705. (DE 22; DE 38.)

Plaintiff responds that Ms. Greene and Mr. Fowler are treating providers, not retained experts, and therefore may testify without formal expert reports. Plaintiff asserts that their testimony arises from treatment of C.M., including diagnoses of Major Depressive Disorder and PTSD, and observations about the relationship between C.M.'s school disciplinary incidents and his psychological state. Plaintiff further argues that Defendant had notice of these providers and suffers no prejudice. (DE 37.)

The Court recognizes that Rule 26 distinguishes between retained experts, who must provide a written report under Rule 26(a)(2)(B), and treating providers, who may testify as hybrid

fact/expert witnesses without such a report. *See* Fed. R. Civ. P. 26(a)(2)(C); *Timpson by & through Timpson v. Anderson Cnty. Disabilities & Special Needs Bd.*, 31 F.4th 238, 253 (4th Cir. 2022) (explaining disclosure requirements for hybrid witnesses). But Rule 26(a)(2)(C) still requires disclosure of "the subject matter" of testimony under Rules 702–705 and "a summary of the facts and opinions to which the witness is expected to testify." Failure to comply subjects the testimony to exclusion under Rule 37(c)(1), unless the failure was substantially justified or harmless. *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d at 597; *see also* 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2289.1 (3d ed. 2025) (describing Rule 37(c)(1) as self-executing in that no motion to compel is necessary before the imposition of the sanction for nondisclosure).[2]

Here, Plaintiff did not timely disclose Ms. Greene or Mr. Fowler under Rule 26(a)(2). Her initial interrogatory responses confirmed no experts would be offered, and only on the final day of discovery in April 2024 did Plaintiff identify these providers and produce Mr. Fowler's report. (DE 22-1 at 2–4.) Such a late disclosure deprived Defendant of the opportunity to depose the providers or prepare rebuttal expert testimony before the close of discovery. The absence of a Rule 26(a)(2)(C) summary compounds this deficiency.[3]

---

[2] This case illustrates a recurring pitfall for practitioners. Treating providers are often assumed to fall outside Rule 26's disclosure requirements because they are not retained experts. But Rule 26(a)(2)(C) expressly requires a summary disclosure when a treating provider's testimony implicates Rules 702–705. Counsel who conflate treatment testimony with litigation-driven expert opinions *risk* exclusion under Rule 37(c)(1).

[3] Plaintiff has not sought leave to amend the scheduling orders in *Spates I* or *Spates II* to designate an expert. Rule 16(b)(4) permits modification of a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" focuses on diligence, not prejudice. *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), aff'd, 129 F.3d 116 (4th Cir. 1997); *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) (per curiam). The burden rests on the moving party. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). Accordingly, the missed deadlines stand unexcused.

This failure is neither substantially justified nor harmless under the *Southern States* factors. The surprise to Defendant is significant, as it reasonably relied on Plaintiff's earlier representation that no experts would be offered. *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d at 597 (listing factors to assess harmlessness under Rule 37(c)(1)). Defendant could not cure that surprise, given that discovery had closed and the deadlines for dispositive and *Daubert* motions had passed. (*Id*.) Allowing the evidence would disrupt the trial, requiring the Court to reopen discovery and delay a consolidated trial already scheduled. (*Id*.) While the Court acknowledges the importance of treating providers' testimony to Plaintiff's claims, Rule 26 and Rule 37 require balancing that importance against fairness to the opposing party. (*Id*.) Finally, Plaintiff offers no persuasive explanation for her failure to comply with the disclosure deadlines (*Id*.) On balance, these factors show that exclusion is warranted under Rule 37(c)(1).

At the same time, it is undisputed that Ms. Greene and Mr. Fowler are treating providers. Courts have permitted treating providers to testify about observations and diagnoses made during treatment, even absent a Rule 26(a)(2)(B) report. *See*, e.g., *Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 508 (D. Md. 1997). But they may not provide litigation-driven causation opinions prepared for trial. Mr. Fowler's December 2023 report does just that—it expressly attributes C.M.'s depression to his "current legal situation and the family's case against his former school district." (DE 22-1 at 4.) That opinion falls within Rule 702 and requires proper disclosure. Because Plaintiff failed to provide it, the report must be excluded.[4]

---

[4] Plaintiff's nondisclosure also means Ms. Greene's and Mr. Fowler's proposed opinions have never been scrutinized under the Court's gatekeeping function pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). See also *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). The proponent bears the burden of establishing admissibility by a preponderance of the evidence. *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001). Because Plaintiff never made the required disclosures,

Accordingly, the Court concludes Ms. Greene and Mr. Fowler may testify as fact witnesses regarding treatment, including observations and diagnoses made in the ordinary course of care. They may not, however, offer undisclosed expert opinions on causation, nor may Plaintiff introduce Mr. Fowler's December 2023 report as an exhibit.

## IV.     CONCLUSION

For the reasons stated, Defendant's Motion in Limine (DE 22) is **GRANTED IN PART and DENIED IN PART**. Plaintiff's treating providers, Jessica Greene, LPC, and Jameion Fowler, MSW, LISW-CP, may testify as fact witnesses regarding their treatment of C.M., including observations and diagnoses formed in the ordinary course of care. However, because Plaintiff failed to comply with Rule 26(a)(2) and has not shown substantial justification or harmlessness under Rule 37(c)(1), the providers may not offer undisclosed expert opinions on the causation of C.M.'s conditions or on the adequacy of the School District's conduct. For the same reasons, Plaintiff may not introduce the December 16, 2023, written report by Mr. Fowler, which constitutes litigation-driven expert opinion.

The Court also notes that Plaintiff's proffered opinions have not undergone the reliability screening required by Federal Rule of Evidence 702 and *Daubert*, further supporting their exclusion.

---

the Court has had no occasion to assess the qualifications, methodology, or reliability of these opinions.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

September 22, 2025
Florence, South Carolina